# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

STEVEN RAY HASH,

        Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 16-CV-196-FHM

## OPINION AND ORDER

Plaintiff, Steven Ray Hash, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 17, 2013, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held August 12, 2014. By decision dated October 14, 2014, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 19, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 48 years old on the date of amended alleged onset of disability and 50 on the date of the ALJ's denial decision. He has an 11th grade education and formerly worked as a valve technician, roustabout, rigger, and equipment operator. He claims to have been unable to work since June 1, 2012 as a result of problems with his hands, wrists, back, stomach, knees, feet, legs, colon, prostate, obesity, hypertension, depression, and anxiety.

## **The ALJ's Decision**

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform work at the light exertional level with no climbing of ropes, ladders or scaffolds, a slight limitation in finger, feel, and grip, occasionally climbing ramps and stairs, bend, stoop, squat, kneel, crouch, crawl, and operate foot controls. He requires easy access to restrooms, and must avoid cold, damp and sunny environments. He is limited to simple, routine and repetitive tasks and has a slight limitation in interaction with the public, co-workers, and supervisors. [R. 15].

Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to properly consider the treating physician's opinion, failed to properly consider Plaintiff's credibility, and further argues that the finding that there are other jobs that he can perform is not supported by substantial evidence.

## **Analysis**

### Treating Physician's Opinion

An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir.2003) (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.* Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted). Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of

3

examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2). "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Watkins,* 350 F.3d at 1301 (quotations omitted).

William D. Smith, M.D. began treating Plaintiff for back pain on June 4, 2013, when Plaintiff was referred to him from the emergency room where he was treated for back and left sciatic pain. Dr. Smith recorded palpable spasms in the left lumbar column and left sciatic notch, straight leg raising (SLR) was positive on the left and Plaintiff was unable to perform toe and heel walking on the left due to left foot and ankle weakness. There was decreased sensation over the L5 dermatome. [R. 301]. Dr. Smith reported that a lumbar MRI dated May 28, 2013 revealed a large left L5-6 disc. *Id.* Dr. Smith saw Plaintiff again on August 22, 2013 with essentially the same examination results. Plaintiff advised he did not go to the pain management clinic recommended by Dr. Smith because he could not afford it. [R. 300]. Plaintiff was seen again on September 19, 2013 for left sciatic pain and right knee pain. At that visit he was able to perform toe and heel walking, but SLR was positive on the left and the neurologic finding of decreased sensation was the same as on previous visits. X-rays of the knees revealed mild osteoarthritis. Plaintiff refused the offered treatment of aspiration and injection of the knee. [R. 298]. A handicapped parking

placard was issued. The reason given was a limitation on Plaintiff's ability to walk. [R.. 294-95]. Plaintiff was repeatedly prescribed Lortab for pain. [R. 297]. On September 11, 2013, Dr. Smith completed a Medical Source Statement form wherein Dr. Smith expressed his opinion about Plaintiff's ability to perform work. According to Dr. Smith, Plaintiff could sit 2-3 hours in an 8-hour workday, could stand/walk less than 2 hours, could frequently left/carry 15 pounds, could frequently use his arms for reaching and could constantly use his hands. [R. 316].

The ALJ accurately summarized the record and Dr. Smith's opinion in his decision. The ALJ noted that Dr. Smith is an orthopedist and had treated Plaintiff from May 2013 to June 2014. The ALJ noted that Plaintiff was not compliant when referred to other medical sources and that Dr. Smith recorded Plaintiff could perform heel/toe walking in September 2013, which was a contrast to the inability to do so when Plaintiff saw the consultative examiner a month earlier. [R. 18]. The ALJ observed that Dr. Smith's Medical Source Statement indicated Plaintiff could not even perform work at the sedentary level and stated that he gave Dr. Smith's opinion little weight because it is not consistent with his medical records. [R. 19].

Plaintiff argues that the ALJ failed to properly evaluate Dr. Smith's opinion. The court agrees. Although the ALJ stated that opinion was not consistent with Dr. Smith's records, the ALJ did not specify what the inconsistencies were between Dr. Smith's medical records and his opinion and those inconsistencies are not obvious. The medical records that Dr. Smith supplied to support his opinion noted Plaintiff previously had back surgery, [R. 318], had palpable spasms, positive SLR, decreased sensation over the L5 dermatome, and a recent MRI revealed what Dr. Smith described as a large disc

5

protrusion, [R. 320]. Plaintiff regularly received prescriptions for Lortab, [R. 321-22], and was additionally treated for knee pain. [R. 324]. In view of the content of Dr. Smith's records, including the MRI, the court finds it was not sufficient for the ALJ to make a conclusory statement that Dr. Smith's opinion was not consistent with his records.

In this case, where the inconsistency is not obvious and the records seem to support the doctor's opinion, the ALJ was required to identify what he thought was inconsistent. The court finds that the ALJ did not offer reasons supported by substantial evidence for the weight he afforded Dr. Smith's opinion. Since the Commissioner's regulations require that medical opinions be given controlling weight where they are offered by a treating source and are well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record, and since the ALJ did not give good reasons for the weight he afforded Dr. Smith's opinion, the ALJ's decision must be reversed and the case remanded for further consideration and discussion of Dr. Smith's opinion. On remand the ALJ should specify what aspects of Dr. Smith's opinion are rejected and accepted and the reasons therefore.

The ALJ stated he gave considerable weight to the opinion of Dr. Lane who treated Plaintiff in 2012. The court notes that Dr. Lane treated Plaintiff for hemorrhoids, fever, and abdominal pain. Dr. Lane did not render any opinion about Plaintiff's ability to perform any

work-related activities. [R. 269-276].² It is not clear what in Dr. Lane's records was being accorded considerable weight.

The ALJ gave substantial weight to the opinion of Dr. Gourd, the consultative examiner, who performed an examination on August 5, 2013. The ALJ characterized Dr. Gourd's examination as being "pretty much normal, except for some lumbar pain and a slow exaggerated wobble when he walked." [R. 19]. The court notes that Dr. Gourd recorded pain throughout the back range of motion. [R. 289]. Dr. Gourd noted positive SLR on the right on one place in his report, [R. 289], and leg raises negative bilaterally in another place. [R. 292]. Dr. Gourd also observed that the left foot is slightly larger than the right with slightly swollen toes. *Id.* In summarizing his assessment, Dr. Gourd states he observed slow range of motion of the back on exam, and that review of recent (June 2013) neurosurgical findings would be helpful in determining the level and extent of back pathology. [R. 292]. The court does not read Dr. Gourd's report as having anything to say about Plaintiff's ability to perform work-related activities. Rather, he said he needed additional information which incidently Dr. Smith seems to have had at his disposal.

On remand, if the ALJ relies on the opinions of Drs. Gourd and Lane, he needs to specify what those opinions are and how they contradict Dr. Smith's opinions.

---

² Plaintiff did complain to Dr. Lane of foot pain, but Dr. Lane noted there were no records to prove the need for pain medication. Plaintiff was going to attempt to get the records from the podiatrist's office where foot x-rays were done. [R. 270-275]. It does not appear that the records were provided, but the court notes that Dr. Smith's records refer to an emergency room visit for foot pain and a radiograph of the left foot dated October 8, 2013 that revealed a small metallic foreign body in the foot. [R. 312, 324]. It is not clear from the record, but it may be that Plaintiff's complaints of foot pain to Dr. Lane are related to his gout, which he testified is now controlled. [R. 14].

### Credibility Determination

There is some merit to Plaintiff's complaints about the ALJ's credibility determination. Plaintiff points out that his main complaint is that he cannot stand or work for long because of back and knee pain. The ALJ did not cite to any information that is contrary to that claim. The function report which the ALJ referred to as being inconsistent with his testimony was completed by Plaintiff's wife, not Plaintiff. [R. 246]. The ALJ pointed out that Plaintiff failed to follow up on referrals to pain specialists and he refused some injections and medications. [R. 19]. Plaintiff correctly points out that the record is clear that Plaintiff could not afford additional treatment. *Social Security Ruling* (SSR) 96-7p, 1996 WL 374186 at *7 instructs that an adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide. There is no indication that the ALJ gave any consideration to Plaintiff's claimed inability to afford additional treatment. Although the ALJ can rely on efforts to obtain relief as a credibly factor, 20 C.F.R. §§ 404.1529(c), 916.929(c), if the ALJ intends to rely on the failure to pursue treatment as a basis for denying benefits certain factors must be considered that were not discussed by the ALJ. *See* 20 C.F.R. §§ 404.1530, 416.930.

On remand the ALJ is required to perform a more thorough credibility analysis.

### Jobs Available to Plaintiff

Plaintiff argues that the ALJ erred in relying on the vocational expert testimony because the vocational expert did not sufficiently identify the jobs available at the light and sedentary exertional level in response to the hypothetical question that mirrors the decisional RFC. It is clear to the court that the vocational expert's statement that light and

8

sedentary jobs would remain available with all of the limitations included in the RFC refers to the list of jobs the vocational expert identified in response to the previous hypothetical question. [R. 54-58]. The court finds no error in the ALJ's reliance on the vocational expert's testimony.

**Conclusion**

The court finds that the ALJ's decision should be REVERSED and the case REMANDED for further proceedings as outlined herein.

SO ORDERED this 4th day of May, 2017.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE